IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:98-CR-006-D(1) |
| | § | |
| VALENTINE GUTIERREZ, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Treating defendant Valentine Gutierrez's ("Gutierrez's")[1] August 10, 2021 motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) as a motion for reconsideration, the court denies the motion.

I

Gutierrez pleaded guilty to conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371; bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); and two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). In April 1998 the court sentenced him to 360 months' imprisonment to be followed by 5 years of supervised release. On June 18, 2021 Gutierrez filed a *pro se* motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and request for appointed counsel. Considering the factors set forth in 18 U.S.C. § 3553(a), the court concluded that Gutierrez

---

[1]In his motion, defendant spells his name "Valentin." But because the relevant charging instruments, judgment, and Bureau of Prisons records spell his name "Valentine," that is the spelling the court uses in this memorandum opinion and order.

was not entitled to a sentence reduction and denied his motion and request for appointed counsel in a June 24, 2021 order. On August 10, 2021 Gutierrez filed a document styled as a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) that requests "reconsideration [of his] motion for compassion[ate] release." D. Mot. 1. The government filed its response on September 1, 2021. On September 8, 2021 the court issued an order permitting Gutierrez to file a reply to the government's response no later than September 29, 2021. The court twice granted motions to extend Gutierrez's reply deadline. Gutierrez did not file a reply by the current deadline, i.e., January 6, 2022, and his motion is now ripe for a decision.[2] Considering the contents and grounds of Gutierrez's August 10, 2021 motion, the court will treat it as a motion for reconsideration of the court's June 24, 2021 order.

II

"Motions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *AMS Staff Leasing, NA, Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *3 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) (citation and internal quotation marks omitted); *see Kimberly-Clark Corp. v. Cont'l Cas. Co.*, 2006 WL 2468712, at *1 (N.D. Tex. Aug. 25, 2006) (Fitzwater, J.) (stating standard for motion for reconsideration). To the extent that

---

[2]Gutierrez also filed on December 17, 2021 a notice to the court regarding an incident that occurred on December 2, 2021. The court has not considered this notice in deciding Gutierrez's August 10, 2021 motion for reconsideration, and it expresses no view about whether what Gutierrez recounts in the notice may be of interest to the government or the proper subject of a separate proceeding.

Gutierrez relies on arguments previously raised and addressed by the court, the court denies Gutierrez's motion for the reasons explained in its June 24, 2021 order.

To the extent that Gutierrez presents new information—i.e., that he tested positive for COVID-19 on July 14, 2021 and experienced exacerbated physical symptoms of the virus as a result of the alleged police brutality he experienced in 1997—he has not persuaded the court that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), considering the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i). Nor have Gutierrez's additional arguments as to why he believes he requires the assistance of counsel persuaded the court to exercise its discretion to appoint counsel to assist him in filing his motion under § 3582(c)(1)(A) or pursuing an action for the alleged violation of his civil rights. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).

\* \* \*

Accordingly, for the reasons explained in this memorandum opinion and order and the court's June 24, 2021 order, treating Gutierrez's August 10, 2021 motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) as a motion for reconsideration, the court denies the motion.

**SO ORDERED**.

January 13, 2022.

                                                            SIDNEY A. FITZWATER
                                                            SENIOR JUDGE