IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | Criminal No. 3:98-CR-006-D(1) |
| § | |
| VALENTINE GUTIERREZ, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Valentine Gutierrez ("Gutierrez") moves for appointment of counsel. For the following reasons, the court denies the motion.

I

In its January 13, 2022 memorandum opinion and order, the court, *inter alia*, denied Gutierrez's request for appointed counsel to assist him in filing a motion under 18 U.S.C. § 3582(c)(1)(A) or pursuing an action for the alleged violation of his civil rights. *See United States v. Gutierrez*, 2022 WL 125349, at *2 (N.D. Tex. Jan. 13, 2022) (Fitzwater, J.). On February 22, 2022 Gutierrez filed the instant motion for appointment of counsel in which he requests "reconsideration to have a Court appointed Attorney assigned to this case." D. Mot. 2 (some capitalization and bold font omitted). In his motion, Gutierrez argues that he is unable in prison to timely receive legal mail; that he has no access to printers, copy machines, or legal materials due to the current COVID protocols; that he requires an attorney so that he can obtain various documents from the U.S. Attorney's office and from federal,

state, and local law enforcement; that he also requires an attorney to assist him in obtaining state, local, and other medical records; that he does not currently have access to a law library due to COVID protocols; that he is suffering from "fog-brain" due to the long-term effects of COVID-19; and that he requires an attorney because he does not have access to state/local address books.[*]

II

To the extent that Gutierrez seeks reconsideration of the court's January 13, 2022 decision, the court denies his motion. As this court has already stated, "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Gutierrez*, 2022 WL 125349, at *1 (citing cases). To the extent that Gutierrez relies on arguments previously raised and addressed by the court, the court denies Gutierrez's motion for the reasons explained in its January 13, 2022 memorandum opinion and order.

III

To the extent that Gutierrez presents new information in support of his request for appointed counsel, the court denies Gutierrez's motion on the merits.

It appears that Gutierrez is seeking appointed counsel to assist him in pursuing an

---

[*]Gutierrez also filed on February 22, 2022 a document entitled "in rebuttal to government's argument and recom[m]endation in regard of compassionate release motion pursuant [to] 18 U.S.C. § 3582(c)(1)(A)." D. Rebuttal at 1 (capitalization omitted). Because Gutierrez's February 22, 2022 filing is not a proper motion before the court, the court need not consider the arguments it contains.

action for the alleged violation of his constitutional rights. But a defendant has no constitutional right to appointed counsel in pursuing a motion of this type. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995). The decision whether to appoint counsel is within the court's discretion. *Id.* at 1011. Because Gutierrez has failed to provide the court any grounds that persuade it to exercise its discretion to appoint counsel, the court denies the motion.

* * *

Accordingly, for the reasons explained, the court denies Gutierrez's February 22, 2022 motion for appointment of counsel.

**SO ORDERED**.

July 11, 2022.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE